IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-345-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | OPINION |
| ) | |
| BRANDON L. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court for defendant's sentencing. A criminal information dated June 21, 2006, charged defendant with one count of operating a motor vehicle in excess of the posted speed limit in violation of North Carolina state law assimilated by 18 U.S.C. § 13, and one count of unlawfully, knowingly, and intentionally possessing marijuana, in violation of 21 U.S.C. § 844(a). The difficult history of this case is set forth below in preface to explanation of why the court sentenced this defendant above the range recommended by the advisory Sentencing Guidelines, as set forth more particularly in the court's Judgment, including a prison term of one year, the statutory maximum on count two.

Defendant first appeared at what is commonly known as "traffic" court, occurring on a regular basis in Fayetteville, North Carolina, at which time misdemeanor charges lodged against civilians relating to alleged conduct occurring in or around the Fort Bragg Military Reservation are disposed of. On December 12, 2006, under the authority of Magistrate Judge William A. Webb, and pursuant to a negotiated agreement between defendant and the government, count one of the information was dismissed and defendant signed an order of probation under 18 U.S.C. § 3607.

Defendant, a youthful offender, without any criminal record, possessed of a caring and concerned mother, was leniently treated. He was placed on probation for a period of twelve (12) months without a judgment of conviction being entered upon count two of the information. The probation order required, *inter alia*, participation in a drug education and/or treatment program if ordered to do so by the supervising probation officer, and drug testing if ordered by the probation officer. Defendant was non-compliant.

On March 1, 2007, upon motion of the probation office following numerous probation violations listed in detail below, the probation agreement under 18 U.S.C. § 3607 was revoked, and a conviction was entered against defendant as to count two of the information. Magistrate Judge Webb imposed this judgment and sentenced defendant to twelve (12) months probation under the standard terms thereof, as well as, *inter alia*, a special condition that defendant would participate as directed in a drug treatment program and submit to drug testing. Issues again arose during defendant's supervision.

On September 14, 2007, upon motion of the probation office, defendant's probation was revoked by Magistrate Judge Webb for reasons which included his failure to participate as directed in a urinalysis program, failure to report to the probation officer as directed, using a controlled substance, and failure to follow the instructions of the probation officer. Magistrate Judge Webb sentenced defendant to the custody of the Bureau of Prisons for twelve (12) months, with a twelve (12) month term of supervised release to follow.

Defendant sought to appeal the sentence imposed by the magistrate judge, specifically as it related to the court's imposition of a one year supervisory term. Initially, appeal on his behalf was attempted incorrectly to be presented by defendant to the United States Court of Appeals for the

Fourth Circuit. Eventually the course of the appeal righted itself and the case made its way to this court, which ordered briefing and set hearing on the matter.

At this, the first of two hearings before the undersigned in this case, the arguments presented on defendant's behalf related to a newly discovered deficiency, that the magistrate judge was without jurisdiction at the start to adjudicate the matter and, therefore, defendant's conviction itself invalid. Defendant accordingly challenged imposition of any sentence.

The court allowed additional time for briefing of the new arguments raised for the first time at this hearing and, implicitly, opportunity for a more complete search to be undertaken of the court's records to determine the status of any written consent or advice of rights to this defendant.

No consent was found to exist and the record of proceedings in Fayetteville, North Carolina on December 12, 2006, does not support that this defendant received any advice of rights from the magistrate judge.

The government conceded in its brief and at the next hearing before this court that defendant did not consent to magistrate judge jurisdiction, that defendant was not advised by the magistrate judge of his right to trial by district court judge or jury, and that he had not signed a consent form. Under 18 U.S.C. § 3401(b), "[t]he magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge." Federal Rule of Criminal Procedure 58(b)(2)(E) requires that a defendant facing a misdemeanor charge must be informed at his initial appearance that he has "the right to trial, judgment, and sentencing before a district court judge" unless he "consents to trial, judgment, and sentencing before a magistrate judge." Section 3401(b) provides that:

3

> The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent, and waiver shall be made in writing or orally on the record.

Federal Rule of Criminal Procedure 58(b)(3)(A) has a similar provision restricting the ability of magistrate judges to accept guilty pleas to instances where the defendant consents either in writing or on the record to be tried before a magistrate judge, and specifically waives trial before a district judge. Under Federal Rule of Criminal Procedure 58(b)(3)(B), a magistrate judge must order any defendant who does not consent to trial before a magistrate judge to appear before a district judge for further proceedings. See also e.g., United States v. Miller, 468 F.2d 1041, 1044 (4th Cir. 1972) (holding that a sentence imposed by a magistrate judge must be vacated if a defendant is not advised of his right to a jury trial, even if a written consent form is signed by the defendant). This was not done in this case.

In accordance with the foregoing, this court vacated the judgment of the magistrate judge on January 11, 2008. On this date, with benefit of counsel at hearing, defendant indicated he wished then to proceed before this court which informed defendant of his rights, including the right to trial and all rights associated therewith. The court proceeded to arraign defendant. Negotiations ensued between the parties, and it was agreed, just like before, that defendant would plead guilty to the drug charge under 21 U.S.C. § 844(a), count two of the information, in exchange for dismissal of the speeding charge, or count one.

A recommendation was made as to sentence, which was not endorsed by the court. Defendant was sentenced as more particularly set forth in the Judgment dated January 11, 2008, to a term of imprisonment of one year. The reasons for this departure, noted at hearing, are set forth

4

in greater detail below.

The Sentencing Guidelines apply as was addressed at close of the hearing earlier this month. Imposing a post-Booker sentence under the advisory Guidelines is a multi-step process that begins with correctly determining the defendant's Guideline range. United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007). It was announced at the end that the advice of the guidelines in this case is that defendant should serve a term of imprisonment of between zero and six months. This caused the court to revisit and repronounce in context its decision that defendant should serve a year in prison with benefit of a disciplined analysis under the Guidelines. This opinion furthers this analysis and is meant to supplement the court's statement of reasons earlier given on the record.

In the instant matter, there was no dispute that the record developed over the long life of the case established no need on January 11, 2008, for a report pursuant to Federal Rule of Criminal Procedure 32, and, therefore, none was prepared. A two point deduction for defendant's acceptance of responsibility was endorsed by the probation office, and implicitly agreed to by the court, adjusting the base offense level of four to a total offense level of two. See U.S.S.G. § 2D2.1(a)(3). Analyzing defendant's past criminal conduct, there being no scoreable criminal history, defendant properly is placed in Criminal History Category I. The advisory guidelines range, as noted, for a base offense level of two and a Category I offender, not disputed by the parties, is a term of imprisonment of between zero and six months.

The court should next consider whether a sentence within the calculated range "serves the factors set forth in § 3553(a) and, if not, select[s] a sentence that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Defendant has repeatedly demonstrated an unwillingness to comply with supervisory conditions, including failed drug tests, missed drug tests,

5

missed appointments with drug treatment counselors and the probation office, and multiple failures to appear in court. Further, defendant has continued to use drugs since the date of his arrest and has failed to comply with a drug treatment program which he willingly entered at the expense of the government, and has neither graduated high school nor received a GED.

That defendant squandered such lenient treatment at the start, albeit treatment by a judge not empowered to adjudicate the case, cannot be overlooked. The actions of this defendant, who came again and again before the court upon repeated violations and persisted in committing even more violations, must be taken into account in consideration of the sentence now to be imposed. While the court set aside his sentence of conviction, it is not disputed that the behavior of defendant while serving a sentence later invalidated may be considered in framing the appropriate punishment. All of this, including the fact a drug crime admittedly was committed and the defendant persisted in using drugs despite repeated admonitions by his probation officer and the magistrate judge, in the face of a strengthened punishment which ultimately provided no deterrent effect, presents circumstances not adequately taken into consideration.

The unique facts of this case demonstrate that a sentence within the calculated range does not adequately "promote respect for the law . . . deter criminal conduct. . . [or] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). After examining defendant's history, and in light of his continued drug use and failure to abide by the conditions imposed upon him all as noted, the court is compelled to conclude that defendant's pattern and practice of disregarding the mandates of the court, the probation office, and the laws warrants an upward departure.

Selecting a sentence outside the range requires two additional steps. First, the court "should

6

... look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). "If an appropriate basis for departure exists, the district court may depart." Id. Second, the court must determine whether the resulting range serves § 3553(a)'s sentencing factors; if it does not, the court may then elect to impose a variance sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

The United States Sentencing Guidelines Manual ("U.S.S.G."), § 5K2.0 (2006), enables upward departures where a court finds that there exists an aggravating circumstance. Section 5K2.0 allows a sentencing court to impose an upward departure if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). "The Sentencing Commission gives district courts discretion to depart under § 5K2.0 precisely because it is impossible for the Guidelines to account for every potential factor in advance." United States v. Alejo-Alejo, 286 F.3d 711, 719 (4th Cir. 2002). However, ""[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." Koon v. United States, 518 U.S. 81, 93, 116 S. Ct. 2035, 135 L. Ed. 392 (1996).

Specifically, in order to depart from the Sentencing Guidelines, a sentencing court must first determine that a particular aggravating circumstance was not adequately considered by the Sentencing Commission in devising the Guidelines. United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990). Where the court identifies the factual basis for such an aggravating circumstance, it may depart from the Guidelines if it further determines that the circumstance is of sufficient importance and magnitude that a departure from the Guideline range "should result." Id.

7

As noted, the instant matter presents exactly such an unusual case. Defendant was initially placed on probation by a magistrate judge, but this pronouncement, as well as a subsequent judgment revoking probation and imposing a new sentence of twelve (12) months commitment to the Bureau of Prisons followed by twelve (12) months of supervised release, was revoked due to a finding that the magistrate judge lacked jurisdiction over defendant due to lack of consent. The consent issue notwithstanding, over the preceding thirteen (13) months defendant has repeatedly demonstrated total disregard for the mandates of the court, the probation office, the criminal justice system, and the laws of the nation. Keeping in mind that the underlying offense is a drug offense, defendant has evaded drug testing, has failed to keep appointments with drug treatment professionals and with the probation office, has missed court dates, and has tested positive for illegal drug use.

Defendant's pattern of disregard for the court, the probation office, and the nation's laws began on December 12, 2006, when defendant began a term of probation under the provisions of 18 U.S.C. § 3607. Under this program, if defendant complied with the conditions of the probation and no further conviction was entered against him the case would expire or would even be terminated early. Upon beginning his term of probation defendant was assessed for treatment needs, which resulted in defendant stating that he would like to take part in the government-funded drug treatment program that the probation office had recommended for him.

Beginning January 29, 2007, defendant started missing drug treatment sessions. On February 6, 2007, defendant was warned that he needed to attend treatment sessions and comply with the treatment program. Defendant had been testing positive for marijuana, but because residual traces of marijuana can stay in the body for a long time, defendant was granted a long period of time for the residual marijuana to leave his body. Defendant's tests, however, continued to come back

8

positive for marijuana, including a test on February 7, 2007.

On February 12, 2007, having failed to improve his compliance with the treatment program, defendant was once again warned to attend treatment, and was confronted about the positive marijuana tests. Defendant admitted to having used marijuana on February 7, 2007, the actual day of the drug test.

These events led to the revocation of the § 3607 probation on March 1, 2007. On that date a conviction was entered against defendant and he was placed on twelve (12) months of supervised probation. As a condition of this probation defendant was again referred to drug treatment. On March 20, 2007, following a period of non-compliance with the program, defendant was warned to attend the treatment sessions. On March 22, 2007, defendant missed a drug test. On March 29, 2007, defendant was again told to attend treatment and testing. On April 5, 2007, he missed a drug test. On April 9, 2007, defendant missed an appointment with the probation office. On April 17, 2007, defendant missed another drug test. On April 18, 2007, the probation office left a voice message for defendant, warning him not to miss any more appointments or tests.

On May 3, 2007, defendant was told to go to treatment and drug testing. The next day, on May 4, 2007, defendant missed a drug test, and missed another drug test three days later on May 7, 2007. On May 21, 2007, the treatment counselor contacted the probation office and informed the latter that defendant had been missing several treatment appointments.

On May 22, 2007, a meeting took place in the office of defendant's probation officer, during which the probation officer warned defendant to go to treatment and attend his drug tests. On June 18, 2007, defendant missed a drug test, then missed another on July 12, 2007.

On July 13, 2007, the probation office restarted defendant's drug testing program, giving him

9

another chance to comply with his probation, but placing him at the highest level of testing. Between July 13, 2007, and August 20, 2007, defendant stopped contacting his probation officer, and missed drug tests on July 25, 2007, and August 6, 2007. Defendant also missed appointments with his probation officer on July 26, 2007, and August 6, 2007. After August 6, 2007, defendant ceased all communication with his probation officer, who was only able to reach defendant upon leaving him a voice message on August 27, 2007 which threatened issuance of a warrant.

Defendant's probation officer actually went to defendant's house in order to procure defendant's signature on a CJA 23 form so that defendant could be brought to court. On September 5, 2007, defendant's probation officer instructed defendant to report to court on September 11, 2007, which defendant failed to do. A warrant for defendant's arrest for failure to appear in court was issued on this date. Defendant telephoned his probation officer that afternoon, September 11, 2007, and was told to be at court the next morning. Defendant failed to appear on this date, September 12, 2007, either. On September 14, 2007, defendant appeared before the court for his revocation hearing, and upon having his probation revoked, was committed to the Bureau of Prisons for twelve (12) months, to be followed by twelve (12) months of supervised release. He remained in the custody of the court from that point forward.

Such behavior is particularly unacceptable where it is clear that the probation office has gone to great lengths to provide defendant with every opportunity for success, but defendant has refused to comply with the conditions imposed. The upward departure decided upon by this court is warranted in light of defendant's total disregard for the laws and conditions imposed upon him by the laws, the courts, and the probation office.

In accordance with the foregoing, the court finds that aggravating circumstances exist which

were not adequately considered within the Guidelines propagated by the Sentencing Commission. Furthermore, the court determines that these circumstances are of sufficient importance that an upward departure from the guidelines should result.

Section 3553(a) provides a list of factors for the court to consider when imposing a sentence, stating in pertinent part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The lengthy history of defendant's refusal to abide by the requirements of his probation, and his repeated drug use despite his enrollment in a drug treatment program and the underlying drug charge, demonstrate defendant's disregard for the rule of law, the institutions of justice, and the agencies and individuals who went above and beyond in their repeated attempts to help him move past and even benefit from his federal drug charge. Defendant has evidenced a total disregard for the law, and clearly has not been deterred from further criminal activity such as illegal drug use. In addition, the upward departure would provide defendant with the time and opportunity to earn his GED, and to seek treatment for his drug problem, since drug treatment as part and parcel of probation has clearly had no ameliorative effect on defendant's drug use. Accordingly, the court

deems it necessary to upwardly depart from the Guidelines in order to further the stated goals of § 3553(a), namely to promote respect for the law, to provide adequate deterrence for criminal conduct, and to provide the defendant with needed educational training, medical care, or other correctional treatment in the most effective manner. Defendant has demonstrated little to no respect for the law. Section 3553(a)'s factors are well served by an upward departure and the court finds cause to do so.

## CONCLUSION

In accordance with U.S.S.G. § 5K2.0, and after consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a), the court finds that defendant's aggravating circumstances warrant an upward departure from the Sentencing Guidelines. For the foregoing reasons, the court hereby sentences defendant to twelve (12) months imprisonment, all as set forth in the Judgment dated January 11, 2008.

So ordered this the 16th day of January, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge